RAFAEL CARRIÓN, ETC., Plaintiff and Appellee, v. EUGENIO TORAL ET AL, Defendants and Appellants.

No. 6231.    Argued January 9, 1933.—Decided January 19, 1933.

J. Carbia for appellants.   F. Ochoteco for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

An ordinary action to collect a mortgage credit was brought by Rafael Carrión as receiver of the Banco Comercial de Puerto Rico, against Eugenio Toral and his wife Ignacia Cruz as mortgagors, and against the West India Oil Company as subsequent creditor and Manuel Ramos Pérez, who had an attachment levied on one of the mortgaged properties, duly recorded in his favor. The District Court of Bayamón rendered a judgment ordering the defendants Eugenio Toral and Ignacia Cruz to pay the debt and in default of such payment that the mortgaged property be sold at public auction. The judgment further provides that, as soon as the public sale takes place, the property in question shall be released from all the liens thereon held by the defendants West India Oil Company and Manuel Ramos Pérez, which shall forthwith be canceled by the registrar of property. This judgment was notified to Eugenio Toral on October 31, 1932, and to the West India Oil Company and Manuel Ramos Pérez, on December 24, 1932. Eugenio Toral and his wife appealed from said judgment. The appellee now maintains that the appeal should be dismissed inasmuch as no notice of the appeal was served on the West India Oil Company and Manuel Ramos Pérez, the plaintiff only having been served with such notice.

Section 296 of the Code of Civil Procedure requires that appeals to the Supreme Court be notified to the clerk of the lower court or to the adverse party or his attorney. According to that section, which is equivalent to section 940 of the Code of Civil Procedure of California, "adverse party" means only the one who may be affected by a reversal or modification of the judgment appealed from and not all those who were parties to the suit before the court *a quo*. *Succrs. of L. Villamil and Co.* v. *Solá,* 22 P.R.R. 496; *Galafar* v. *Succn. of Morales,* 22 P.R.R. 458; *Candelas* v. *Ramírez et al.,* 20 P.R.R. 31.

We are of the opinion that neither the West India Oil Company nor Manuel Ramos Pérez are adverse parties under section 296 of the Code of Civil Procedure and the jurisprudence of this Court interpreting the same. We have now before us a judgment from which the mortgage debtors have appealed. The reversal or modification of said judgment in no way can prejudice the rights of the subsequent creditor and of Ramos Pérez, who also subsequently attached one of the mortgaged properties and recorded the attachment in the registry of property. If an appeal had been taken from said judgment and the mortgaged property had been sold at public auction, the subsequent creditor could have no other rights than those granted by law. A reversal of the judgment would not place them in a less advantageous position, but might be a benefit to them.

We hold that the motion to dismiss the appeal must be denied.